**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DOUGLAS PEREZ OSORIO, | ) | Case No. ED CV 26-00975 FMO (DSR) |
| Petitioner, | ) | |
| v. | ) | **ORDER RE: APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| KRISTI NOEM, et al., | ) | |
| Respondents. | ) | |

The court has reviewed and considered all the briefing filed with respect to Douglas Perez Osorio's ("petitioner") Ex Parte Application for a Temporary Restraining Order, (Dkt. 4, "Application"). In their Response, respondents acknowledge that petitioner "appears to be a member of the Bautista Bond Eligible Class," and "that Petitioner's claim appears to be subject to the Bautista judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it." (Dkt. 7, Response at 2). Respondents further suggest that "if Petitioner would be entitled to any relief through his TRO Application, such relief would be at most a bond hearing before an Immigration Judge under § 1226(a)." (Id.). But that is the only issue addressed by respondents in their Response. (See, generally, id.). In other words, respondents failed to provide any arguments in opposition to the procedural due process argument raised by petitioner in his Application, which the court construes as a concession. See, e.g., GN Resound A/S v.

Callpod, Inc., 2013 WL 1190651, *5 (N.D. Cal. 2013) (construing a party's failure to oppose an issue as a concession to the opposing party's argument).

Accordingly, IT IS ORDERED THAT:

1. Petitioner's Application for a Temporary Restraining Order **(Document No. 4)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner from immigration detention forthwith, and shall not impose any release restrictions (e.g., electronic monitoring,) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

3. Respondents shall file with the court a Notice of Compliance within twenty-four (24) hours of releasing petitioner.

4. Respondents shall not re-detain petitioner during the pendency of these proceedings without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner shall not be detained unless respondents demonstrate at the pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

5. Given that the standard for granting a TRO and preliminary injunction are the same, Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001), the court will construe petitioner's Application as an application for a preliminary injunction ("PI Application").

6. Respondents shall file their opposition to the PI Application by no later than **March 8, 2026**. Failure to file their opposition by the deadline set forth above shall be deemed as consent to the granting of the PI Application.

7. Petitioner shall file his Reply in support of his PI Application by no later than **March 10, 2026**.

8.  The court shall decide, after reviewing the parties' papers, whether to hold a hearing on the PI Application or take the PI Application under submission.

Dated this 6th day of March, 2026.

                                          /s/
                              Fernando M. Olguin
                         United States District Judge